IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CLINTON D. WILLIAMS**                                                        **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 2:08cv91KS-MTP**

**STEPHEN TANNER, Indivudally and d/b/a**
**STEPHEN TANNER SERVICES; LIBERTY MUTUAL**
**INSURANCE COMPANY; AND JOHN DOES 1-5**             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Motions to Dismiss **[#s 6 & 17]** filed on behalf of the defendants. The court, having reviewed the motions, the responses, the pleadings and exhibits on file, the authorities cited and being fully advised in the premises, finds that the motions should be granted. The court specifically finds as follows:

### FACTUAL BACKGROUND

On December 8, 2004, defendant Steven Tanner, a resident of Mobile, Alabama, applied for workers compensation coverage through the Alabama Workers Compensation Assigned Risk Plan. His application was processed and ultimately assigned to defendant Liberty Mutual as a servicing carrier for the Alabama plan to issue him a policy, which it did for the 12/8/04 -12/8/05 policy period. Tanner represented in the application that none of his business was conducted out of the State

of Alabama.  The policy did contain the Residual Market Limited Other States Insurance Endorsement which provided coverage for injuries in other states if certain conditions were met.

The plaintiff, Clinton Williams, was hired by Tanner on September 11, 2005, to assist with repairs to Pat Peck Motors in Gulfport, Mississippi in the wake of Hurricane Katrina.  Williams, a resident of Mississippi, had worked for Tanner on other jobs in Alabama.  Williams alleges that on September 12, 2005, while in the employ of Tanner at Pat Peck Motors, he fell from the roof of the facility while participating in repairs thereto and was injured.

Afer initially refusing compensation, on or about May 15, 2006, Liberty accepted compensability for the claim under Alabama law and allegedly paid all accrued medical and indemnity benefits due under the Alabama Workers Compensation Act.  Liberty subsequently accepted compensability of the claim under the Mississippi Workers Compensation Law, although no additional benefits were payable under Mississippi law as per the finding of the Mississippi Workers Compensation ALJ on February 1, 2007.

Prior to Liberty's acceptance of its obligations to pay compensation, Williams had filed a petition to controvert against Tanner before the Mississippi Workers' Compensation Commission ("MWCC") on November 30, 2005.  As previously mentioned, the MWCC ALJ ruled that Williams' injuries were compensable as a temporary total disability on February 1, 2007.  That case is still pending before the Mississippi Commission.  In fact, the plaintiff admits that contested issues of the amount of benefits owed and whether the plaintiff's injuries are permanent or temporary remain to be adjudicated in that forum.

On February 6, 2006, the plaintiff also filed suit in Mobile, Alabama against Tanner for workers' compensation benefits for the same accident and date of injury as previously filed in Mississippi. Further, the plaintiff filed claims of "outrage" in Alabama against Tanner for his actions in handling the workers' compensation claim. On March 12, 2008, the plaintiff filed suit in the Circuit Court of Greene County, Mississippi against Tanner alleging "bad faith" for Tanner's actions in handling the September 12, 2005 workers' compensation claim, which was removed and is the instant action. The defendants have now both moved to dismiss.

The defendants contend that as a matter of law, the plaintiff's claims of bad faith pending in this court must fail for two reasons: (1) he has not exhausted the remedies of the Mississippi Workers' Compensation Commission; (2) he has already filed the same action against the defendants in the Circuit Court of Mobile County, Alabama alleging the same facts. Finding that the plaintiff has not exhausted his administrative remedies and that this action should be dismissed, the court does not reach the second argument.

**ANALYSIS**

The Mississippi Supreme Court recognized the viability of a bad faith claim against a workers' compensation carrier for intentional torts in *Southern Farm Bureau Casualty Ins. Co. v. Holland*, 469 So. 2d 55 (Miss. 1984). The court stated:

> We hold that the majority view permitting action for an independent tort against an insurance carrier in workers' compensation cases is in line with the thrust of our recent decisions recognizing that punitive damages are appropriate where an insurance company intentionally and in bad faith

refuses payment of a legitimate claim in order to prevent insurer from enforcing inadequate settlement.  (Internal citations omitted).

469 So.2d at 58.

Under Mississippi law, an insurance company which unreasonably refuses to pay a legitimate claim may be subjected to punitive damages.  However, "[p]unitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort."  *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975).  Neither are punitive damages recoverable "if an insurance company has a legitimate or an arguable reason for failing to pay a claim."  *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 248 (Miss.1977).

Thus, for punitive damages to be recoverable under Mississippi law, (1) there must have been an absence of a legitimate or arguable reason for denying the claim; and (2) the insurance company must have committed a wilful or malicious wrong, or acted with gross and reckless disregard for the rights of the insured.  Both of these elements must be present.  *See Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620 (Miss.1988).  Further, punitive damages are not favored under Mississippi law and are considered an extraordinary remedy allowed "with caution and within narrow limits."  *Veal,* 354 So.2d at 247.

The defendants first argue that this bad faith claim is subject to dismissal as there has been no final adjudication of plaintiff's right to compensation benefits, which is a prerequisite to the imposition of a bad faith claim.  The plaintiff argues that the admission by the defendants of the compensability of his claim and the decision of the

ALJ to that effect satisfies the necessary prerequisite to the imposition of bad faith damages.

However, under Mississippi law, one may "not maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary." *Walls V. Franklin Corp.*, 797 So.2d 973, 977 (Miss. 2001). There has been some dispute as to whether or not an initial finding of compensability is enough to trigger the time for filing a bad faith claim. In fact, Judge Guirola of this court recently ruled that such was the case. *See Bullock v. AIU Insurance Co.*, 2006 WL 1195465 (S.D. Miss. April 28, 2006). The plaintiff places much reliance on this case. However, on appeal, the Fifth Circuit certified the relevant question of when the statute of limitations begins to run on a bad faith claim such as this. 503 F.3d 384 (5th Cir. 2007). Judge Guirola had held "[r]equiring all potential bad faith claimants to wait until their workers' compensation cases are finally concluded is not currently supported by Mississippi case law or statute." Slip opn. at *2.

However, in answering the certified question from the Fifth Circuit, the Mississippi Supreme Court stated

> The administrative law judge's order of 1999, which determined only that the named employer and compensation insurer were liable to the named employee for compensation benefits with respect to a particular on-the-job accidental injury was interlocutory under the facts of this case. A full resolution of compensation benefits was not made until the judge made a final decision in 2003.

Slip. Opn. at *4. This opinion has not been released for publication and is subject to withdrawal or modification. However, it is consistent with other rulings of that court regarding the finality of proceedings before the MWCC and with other rulings of this

court regarding the requirement of exhaustion of administrative remedies before the MWCC before the filing of a bad faith suit.  *See Day-Brite Lighting Div., Emerson Electric Co. v. Cummings*, 419 So.2d 211, 212-13 (Miss.1982); *Walls v. Franklin Corp.*, *supra*; *Morris v. Adventist Health Ctr.*, No. 2:07cv275KS-MTP, 2008 U.S. Dist. Lexis 9247 (S.D. Miss. Jan. 23, 2008); and *Sistrunk v. Hydro Aluminum Puckett, Inc.*, No. 3:05cv726LN, 2006 U.S. Dist. Lexis 28041 (S.D. Miss. Apr. 27, 2006).  The plaintiff has admitted that there are pending compensability issues before the MWCC in this case, and thus, he has not exhausted his remedies in that forum.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Dismiss **[#s 6 & 17]** filed on behalf of the defendants are granted and this matter is dismissed without prejudice and that any other pending motions are denied as moot.  A separate order shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 20th day of August, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE